**SYMBOL TECHNOLOGIES, INC., Petitioner,**

v.

**METROLOGIC INSTRUMENTS, INC., Respondent.**

**No. 05 Civ. 7648(JSR).**

United States District Court, S.D. New York.

Feb. 28, 2006.

Eric J. Lobenfeld, Hogan & Hartson LLP, New York City, for Petitioner.

Rachelle Marie Barstow, Robert Greenfeld, New York City, Morgan, Lewis and Bockius LLP, for Respondent.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Petitioner Symbol Technologies, Inc. ("Symbol") moves to confirm a final arbitration award and respondent Metrologic Instruments, Inc. ("Metrologic") cross-moves to vacate the final award and two prior interim awards.

By way of background, both parties are engaged in the design, development, manufacture, and sale of laser scanner devices, and, in that connection, own various patents, patent applications, and patent rights. In 1996, after years of patent litigation, the companies entered into an agreement (the "Agreement"), subsequently amended three times, under which they cross-licensed some of their respective patents. *See* Agreement Between Symbol Technologies, Inc. and Metrologic Instruments, Inc. (the Agreement), attached as Ex. A to Affidavit of Michael F. Hurley, sworn to September 14, 2005. Of relevance here, the Agreement provides that Metrologic can use any of Symbol's licensed patents to produce certain specified Metrologic products (the "licensed products"), but must then pay Symbol a specified royalty. *See id.* §§ 3.1–3.7, 5.1–5.13. The Agreement also establishes a protocol for determining whether new products introduced by Metrologic are effectively licensed products on which a royalty is due. *See id.,* Art. 9. If the parties are unable to reach an agreement on this issue, the dispute is to be resolved through binding arbitration. *See id.* §§ 9.2.1(ii); 9.2.2(b); 16.2. The parties may also commence non-binding arbitration to determine whether a product not covered by the Agreement requires a license under a Symbol patent. *See id.* §§ 9.9.1(ii); 9.9.2(b); 16.3.

The particular licensed product here in issue is the "METROLOGIC Triggerless Single Scanline Hand–Held Scanner Product," identified by its number: the MS950. Under the Agreement, Metrologic is obligated to pay Symbol a fixed royalty of $10 for each MS950 sold. *See id.* § 5.7. In December 1999, Metrologic advised Symbol that it intended to introduce two new products, the MS9500 and the MS6200, to replace the existing MS950 device. Metrologic claimed the new products did not infringe Symbol's patents, while Symbol claimed they did. Pending resolution of that dispute, Metrologic agreed to make interim royalty payment to Symbol as if the new products were modifications of the MS950 and therefore covered by the Agreement. Pursuant to this modus vivendi, Metrologic paid Symbol more than $2 million in interim royalties over the next two years, but in February 2002 ceased making such payments.

Although the underlying dispute might have then been submitted to arbitration, Symbol initially took a different tack, asserting that Metrologic's interim payments were tantamount to an express or implied agreement that the new products were covered by the MS950 royalty provision.

Symbol therefore brought suit in federal court in the Eastern District of New York, seeking a declaratory judgment that, by ceasing to make such payments, Metrologic had breached the Agreement. *See* Complaint, Dkt. No. 1, *Symbol Technologies v. Metrologic Instruments, Inc. et al.,* 02 Civ. 2238(JS) (E.D.N.Y. Apr. 12, 2002). Ultimately, however, Judge Seybert concluded that no such agreement had been reached, and awarded summary judgment to Metrologic dismissing the lawsuit. *Symbol Technologies v. Metrologic Instruments, Inc. et al.,* 02 Civ. 2238(JS), slip op. at 28 (E.D.N.Y. Mar. 31, 2003).

Meanwhile, Metrologic, on June 26, 2002, commenced arbitration pursuant to § 16.2 of the Agreement. Eventually, the arbitrator concluded that the new products were in fact covered by the Agreement and that Symbol was therefore entitled to be awarded royalties. *Metrologic Instruments, Inc. and C. Harry Knowles v. Symbol Technologies, Inc.,* AAA Case No. 13 Y 13301587 02 (McAulay, Arb.) (Feb. 4, 2005). The fifth and final such award was rendered on August 26, 2005. Immediately thereafter, Symbol filed its petition in this Court to confirm the final arbitration award, whereupon Metrologic cross-moved to vacate the final award and two earlier, interim awards.

The issue that here divides the parties on their motions is whether the dismissal of Symbol's declaratory judgment action in the Eastern District of New York bars the arbitrator's awards to Symbol in the subsequent arbitration. The plain answer is no. As the Arbitrator correctly stated in his opinion:

> The [District] Court's finding that there was no breach does not mean that the Court found no royalties due. The Court made no findings as to whether or not royalties were due. The Court found that the parties' actions, mostly correspondence, indicates a failure to reach agreement under the Agreement and thus issues concerning product coverage under the Agreement are subject to arbitration under the Agreement.
>
> Specifically, the Court's decision that there was no agreement with respect to royalties does not amount to a finding that Metrologic owes no royalties.
>
> The arbitrator holds that the District Court opinion does not provide a basis for a finding, based on res judicata, collateral estoppel or even Waiver, that Symbol's counterclaims are not arbitrable. Thus, the issue of whether or not these three products are or are not covered by the Agreement can be arbitrated. Basic to this arbitrator's conclusion is the Court's decision was on the issue of contract breach and the court specifically stated that the issue of the arbitrability and coverage under the Agreement has to be decided by an Arbitration.

*Metrologic Instruments, Inc. and C. Harry Knowles v. Symbol Technologies, Inc.,* AAA Case No. 13 Y 13301587 02 (McAulay, Arb.) (May 18, 2004); *see also Symbol Technologies, Inc. v. Metrologic Instruments, Inc. et al.,* 02 Civ. 2238(JS) (E.D.N.Y. Mar. 31, 2003). Thus, while it may be, as Metrologic urges, that Symbol also attempted to relitigate before the arbitrator its claim that the voluntary payments constituted an implicit agreement that the new products were covered by the Agreement, it is clear that this is not the ground on which the arbitrator made his awards.

It is true that, under ordinary principles of res judicata, if Symbol could have raised before Judge Seybert the issue subsequently decided by the arbitrator and failed to do so, it could not relitigate it before the arbitrator. But the issue decided by the arbitrator—whether Metrolog-

ic's new products were covered by the Agreement because they were essentially variants of the MS950—could not properly have been raised before the District Court, since it was one of the "enumerated issues" that, under the express terms of the Agreement, had to be decided by mandatory arbitration. *See* Agreement §§ 16.2.[1]

Accordingly, Symbol's petition to confirm the Arbitrator's final award is hereby granted and Metrologic's cross-petition to vacate the final award and two interim awards is hereby denied. Clerk to enter final judgment.

SO ORDERED.

---

1. Metrologic's argument that this provision is permissive rather than mandatory flies in the face of its plain language: "If not otherwise settled by the Parties within the thirty (30) day period pursuant to Section 16.1, upon the initiative of either Party a controversy or claim dealing with the enumerated issues set forth in this Section 16.2 subparagraphs (i) through (vii) *shall* be finally settled by expedited arbitration in New York, N.Y. . . ." Agreement §§ 16.2 (emphasis added).